WATTS, J.,
dissenting, in which HOTTEN, J., joins.
Respectfully, I dissent. I would hold that the Maryland Tax Court (“the Tax Court”) correctly concluded that it lacked jurisdiction to adjudicate this case; accordingly, I would not reach the issue of whether the voluntary payment doctrine barred Brutus 630, LLC (“Brutus”), Petitioner, from seeking a refund of the sewer connection charges.
The question that is key to this case’s resolution is whether the Tax Court has jurisdiction to resolve a claim for a refund of sewer connection charges.
*384 The Majority answers this question in the affirmative by relying on Md. Code Ann., Local Gov’t (2013) (“LG”) § 20-113, the “refund statute,” which states in its entirety:
A claim for a refund may be filed with the tax collector who collects the tax, fee, charge, interest, or penalty by a claimant who:
(1) erroneously pays to a county or municipality a greater amount of tax, fee, charge, interest, or penalty than is properly and legally payable; or
(2) pays to a county or municipality a tax, fee, charge, interest, or penalty that is erroneously, illegally, or wrongfully assessed or collected in any manner.
(Emphasis added). In turn, LG § 20-117(a) provides a claimant with a right to appeal to the Tax Court the tax collector’s final determination of the claim for a refund.[1]
The Majority reasons that LG §§ 20-113 and 20-117 grant the Tax Court the authority to resolve a claim for a refund of sewer connection charges. See Maj. Op. at 385, 139 A.3d at 974. The Majority disagrees with what it repeatedly characterizes as a “narrow” interpretation of LG §§ 20-113 and 20-117 by the Tax Court and the Town of Bel Air (“the Town”), Respondent. See Maj. Op. at 367, 373, 376, 139 A.3d at 964, 967, 969.
The majority opinion states that LG §§ 20-113 § 20-117 are to be broadly interpreted. Indeed, the Majority states as follows: “LG § 20-117 unequivocally permits a claimant to appeal a denial of that claimant’s application for a refund relating to fees and charges, as well as taxes, provided that the claimant meets certain procedural conditions.” Maj. Op. at *385 379, 139 A.3d at 971 (emphasis in original). According to the Majority, under the Town’s reading of the statutes, LG § 20-117 would be “superfluous” to Md. Code Ann., Tax-Gen. (1988, 2010 Repl. Vol.) (“TG”) § 3-103. Maj. Op. at 379, 139 A.3d at 971. With this approach, the Majority emphasizes that LG § 20-117 applies to fees and services and implies that recovery of the sewer connection charge is based on the charge being a fee or service rather than a tax.
I respectfully disagree with the Majority. I concur with the Tax Court that, by its plain language, LG § 20-113 is limited to a claim for a refund of “taxes or fees in the nature of taxes[.]” By requiring a claimant to file a claim for refund with “the tax collector who collects the tax, fee, charge, interest, or penalty[,]” LG § 20-113 makes clear the General Assembly’s intent for the refund process to apply only where a claimant seeks a refund of taxes or fees in the nature of taxes.
I agree with the Court of Special Appeals’s conclusion that the sewer connection charges “do not constitute a tax or a charge in the nature of a tax and, therefore, the Tax Court was without jurisdiction to hear Brutus’[s] appeal.” Sewer connection charges, in particular, do not fall under the category of levies to which LG § 20-113 applies. As the Tax Court pointed out, sewer connection charges are not “taxes or fees in the nature of taxes[,] but rather [ ] charges for the sale[ of a] service, or a commodity.” Thus, LG §§ 20-113 and 20-117 do not apply in this case.
Instead, here, the governing statute is TG § 3-103(a), which limits the Tax Court’s jurisdiction to appeals that concern tax issues, stating:
The Tax Court has jurisdiction to hear appeals from the final decision, final determination, or final order of a property tax assessment appeal board or any other unit of the State government or of a political subdivision of the State that is authorized to make the final decision or determination or issue the final order about any tax issue, including:
(1) the valuation, assessment, or classification of property;
*386 (2) the imposition of a tax;
(3) the determination of a claim for refund;
(4) the application for an abatement, reduction, or revision of any assessment or tax; or
(5) the application for an exemption from any assessment or tax.
(Emphasis added). Thus, by its plain language, TG § 3-103(a) limits the Tax Court’s jurisdiction to appeals about “any tax issue including ... the determination of a claim for refund[,]” i.e., to hear an appeal about a tax refund claim.
TG § 3-103(a) circumscribed the language in former Md. Code Ann., Art. 24, §§ 9-710 (“A claim for refund may be filed with the tax collector who collects the tax, fee, charge, interest, or penalty by a claimant[.]”) and 9-712 (“The tax collector shall: [ ] investigate each claim for refund ... [and] give the claimant notice of [ ] the determination of the claim for refund[.] ... [W]ithin 30 days after the date on which a notice is mailed, a person who is aggrieved by the action in the notice may appeal to the Maryland Tax Court[.]”).[2] TG § 3-103(a) limits those appeals to refund claims concerning taxes, fees, or charges in the nature of taxes. In other words, TG § 3-103(a) does not permit an appeal of a tax collector decisions for claims for refunds of charges that are not related to “any tax issue[.]” Indeed, it seems beyond question that appeals to the Tax Court must involve a matter involving taxes.
As such, the question is whether sewer connection charges are a tax or charge in the nature of a tax such that the Tax Court would have jurisdiction to hear Brutus’s appeal. As the Town points out, sewer connection charges are used to pay a debt that is incurred in construction of sewer treatment facilities servicing the properties assessed for those charges, *387 and are not like tax assessments by the local government. Indeed, as the Town notes, the sewer connection charges in this case were required by agreements between Harford County and the Town; in other words, the charges were not required by statute (although they are authorized by Md. Code Ann., Envir. (1982, 2014 Repl. Vol.) (“Envir.”) § 9-722(a)). The Town explains: “Maryland law makes plain that the sewer connection charges authorized by [Envir. § ] 9-722(a), and collected by the Town and paid to Harford County for debt services, are fees for service and are neither taxes nor fees or charges in the nature of the taxes that could be challenged under either” TG § 3-103(a) or Md.Code Ann., Art. 24, §§ 9-710 or 9-712. Moreover, as the Court of Special Appeals correctly pointed out, other jurisdictions have taken a similar approach concerning water and sewer charges and have held that such connection charges/fees are not taxes. In my view, this Court should do the same.
For the above reasons, respectfully, I dissent.
Judge HOTTEN has authorized me to state that she joins in this opinion.

. LG § 20-117(a) states:
Except as provided in subsection (b) of this section, a claimant may appeal to the Maryland Tax Court, within 30 days after the date on which a notice under [LG] § 20-116(c) [] is given, in the manner allowed in Title 13, Subtitle 5, Parts IV and V of the Tax — General Article.
In turn, LG § 20-116(c) states: "The tax collector shall give the claimant written notice of: (1) the final determination of the claim for refund; and (2) any delay in the payment of an allowed claim.” (Paragraph breaks omitted).

. At the time that Brutus sought a claim for a refund, LG §§ 20-113 and 20-117 were codified at Md.Code Ann., Art. 24, §§ 9-710 et seq. In 2013, Md.Code Ann., Art. 24, §§ 9-710 et seq. was recodified without substantive change in the new Local Government Article. See 2013 Md. Laws 572, 574, 1596-99 (Vol. I-II, Ch. 119, H.B. 472).